IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR<br>PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff The Sherwin-Williams Company ("Sherwin-Williams" or "Plaintiff") hereby files this Complaint, demands a jury trial, and alleges the following against Defendant PPG Industries, Inc. ("PPG" or "Defendant"):

**PARTIES**

1. Sherwin-Williams is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 101 W. Prospect Ave., Cleveland, Ohio 44115.

2. On information and belief, PPG is a corporation organized under the laws of the State of Pennsylvania and has its principal place of business at One PPG Place, Pittsburgh, Pennsylvania 15222.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283–285.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. PPG is registered to do business in the State of Pennsylvania and maintains a registered agent for service of process in the State of Pennsylvania.

6. PPG is incorporated in the State of Pennsylvania.

7. PPG maintains a corporate office in this judicial district, in or near Pittsburgh, Pennsylvania.

8. PPG operates stores in this judicial district, including in or near Pittsburgh, Pennsylvania.

9. PPG conducts regular and substantial business in the State of Pennsylvania, including at least by maintaining its headquarters in this District, maintaining retail store locations in the State, selling and offering for sale products through such retail locations in the State, and selling and offering for sale products through other authorized retailers located in the State.

10. This Court has personal jurisdiction over PPG.

11. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

12. On September 5, 2017, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 9,751,107 (the "'107 patent" or the "Asserted Patent"), entitled "Two-Coat Single Cure Powder Coating." A true and accurate copy of the '107 patent is attached hereto as Exhibit A.

13. Sherwin-Williams is the owner by assignment of the '107 patent (the "Asserted Patent").

## BACKGROUND

14. Sherwin-Williams is a global leader in the manufacture, development, distribution, and sale of paints, coatings, and related products to professional, industrial, commercial, and retail customers. Sherwin-Williams' Performance Coatings Group sells a wide range of industrial

coatings and finishes to customers for a broad range of categories, including General Industrial, Industrial Wood, Protective and Marine, Coil and Extrusion, Packaging, and Automotive, in the United States and over 120 other countries.

15. Sherwin-Williams has patents in the area of single-cure powder coatings, including the '107 patent. The '107 patent claims methods of applying primer and topcoat powder coating compositions to metal substrates (*i.e.*, surfaces) and heating the coated substrate with the primer coating and topcoat applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

16. Sherwin-Williams' patent-protected Valde™ ECP is a single-cure primer and topcoat powder coating system that offers enhanced edge coverage and corrosion resistance and is intended primarily for the heavy machinery market. Valde™ ECP is used to coat metal surfaces, including, for example, off-road equipment, agricultural equipment, and other heavy machinery. The methods claimed in the Asserted Patent, which Sherwin-Williams' customers perform when applying and curing the Valde™ ECP product, offer many benefits to Sherwin-Williams' customers. For example, the methods claimed in the Asserted Patents eliminate some equipment required for applying and curing the coating, drastically reducing the footprint needed to coat parts, and allowing large parts to be coated with one curing cycle rather than two. For these reasons, among others, the methods claimed in the Asserted Patent save Sherwin-Williams' customers both time and money.

17. PPG is a global supplier of paints, coatings, and specialty materials, and one of Sherwin-Williams' largest competitors. PPG's industrial coatings business produces coatings for appliances, agricultural and construction equipment, consumer electronics, automotive parts and

accessories, building products (including residential and commercial construction), transportation vehicles, packaging, and numerous other finished products.

18. PPG offers and sells powder coatings for metal surfaces in various industrial applications, including for example PPG's PCTZ39104 (topcoat) and PCT39149 (primer) ENVIROCRON® Powder Coat products (collectively, the "ENVIROCRON® Products"), to customers in the United States. These customers include Original Equipment Manufacturers and their subcontractors (collectively, "OEMs") that make industrial equipment such as heavy machinery used in agriculture and construction. PPG provides its customers with instructions on how to apply the powder coatings using methods that infringe Sherwin-Williams' '107 patent.

**CAUSE OF ACTION: INFRINGEMENT OF THE '107 PATENT**

19. Plaintiff realleges and incorporates paragraphs 1–18 as though fully set forth herein.

**PPG Directly Infringes the '107 Patent in Violation of 35 U.S.C. § 271(a)**

20. PPG has directly infringed at least claim 1 of the '107 patent under 35 U.S.C. § 271(a).

21. Claim 1 of the '107 patent recites:

A method, comprising:

providing a metal substrate;

applying a primer coating comprising a first powder coating composition including a carboxyl-functional polyester binding resin, wherein the first powder coating composition has flow of no more than about 40 mm;

applying a topcoat comprising a second powder coating composition with flow of at least about 40 mm; and

heating the metal substrate with the primer coating and topcoat applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

22. PPG's ENVIROCRON® PCT39149 coating is a powder primer coating composition that includes a carboxyl-functional polyester binding resin, and the PCT39149 coating has a flow of no more than about 40 mm.

23. PPG's PCTZ39104 coating is a powder topcoat with a flow of at least about 40 mm, and is designed to be applied as a topcoat over the PCT39149 powder primer.

24. On information and belief, PPG has applied its ENVIROCRON® Products coating to at least one metal substrate in the United States and has heated the metal substrate with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50% on the metal substrate.

**PPG Induces Infringement of the '107 Patent in Violation of 35 U.S.C. § 271(b)**

25. Plaintiff realleges and incorporates paragraphs 1–24 as though fully set forth herein.

26. PPG has actively induced and actively induces others to infringe at least claim 1 of the '107 patent in violation of 35 U.S.C. § 271(b).

27. PPG has had knowledge of the '107 patent and its own and its customers' and OEMs' infringement thereof at least as early as June 7, 2019 by virtue of Plaintiff's filing of this Complaint.

28. PPG has sold its ENVIROCRON® Products to customers in the United States, including to manufacturers of metal substrates and OEMs of products such as heavy machinery.

29. PPG's customers, including manufacturers of metal substrates and OEMs in the United States, are directly infringing the '107 patent, including at least claim 1, under 35 U.S.C. § 271(a) through their use and performance of methods covered by one or more claims of the '107 patent, including methods using and involving application in the United States of the ENVIROCRON® Products to metal substrates and heating those metal substrates with the

ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

30. Having knowledge of the '107 patent, and having knowledge that customers are infringing the '107 patent, or being willfully blind to the fact that customers are infringing the '107 patent, PPG is instructing, encouraging, and actively inducing customers to use and perform methods covered by one or more claims of the '107 patent in the United States. Such methods use and involve, for example, application of coating compositions, including PPG's ENVIROCRON® Products, to metal substrates and heating those metal substrates with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

31. Claim 1 of the '107 patent recites:

A method, comprising:

providing a metal substrate;

applying a primer coating comprising a first powder coating composition including a carboxyl-functional polyester binding resin, wherein the first powder coating composition has flow of no more than about 40 mm;

applying a topcoat comprising a second powder coating composition with flow of at least about 40 mm; and

heating the metal substrate with the primer coating and topcoat applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

32. PPG's ENVIROCRON® PCT39149 coating is a powder primer coating composition that includes a carboxyl-functional polyester binding resin, and the PCT39149 coating has a flow of no more than about 40 mm.

33. PPG's PCTZ39104 coating is a powder topcoat with a flow of at least about 40 mm, and is designed to be applied as a topcoat over the PCT39149 powder primer.

34. PPG's customers, including manufacturers of metal substrates and OEMs in the United States, are applying the ENVIROCRON® Products primer and topcoat coating compositions to a metal substrate in the United States and heating the metal substrate with the primer coating and topcoat applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%, and are thereby directly infringing at least claim 1 of the '107 patent in violation of 35 U.S.C. § 271(a).

35. PPG knowingly induces infringement of the '107 patent, including at least claim 1, and does so with specific intent to induce direct infringement, and/or with willful blindness to the fact that its acts induce direct infringement, including through activities relating to selling, marketing, advertising, promotion, support, and distribution of coating compositions, including the ENVIROCRON® Products.

36. For example, PPG publishes materials that encourage and instruct its customers, including manufacturers of metal substrates and OEMs in the United States, to use the ENVIROCRON® Products in the United States on metal substrates in a manner that directly infringes the '107 patent, including, for example, the press release entitled "PPG to highlight integrated high-performance coatings for rail, trailer, container applications at Intermodal EXPO 2018," attached hereto as Exhibit B. This press release can be found, as of the date of the filing of this Complaint, at the URL https://news.ppg.com/press-release/north-america/ppg-highlight-integrated-high-performance-coatings-rail-trailer. This press release states:

> Also on display will be PPG ENVIROCRON® powder coatings. Known for their hardness, durability and value, the coatings are formulated without solvents to virtually eliminate VOC emissions. They provide exceptional corrosion- and weather-resistance to metal substrates.
>
> "Original equipment manufacturers (OEMs) trust PPG coatings to help them brand, beautify and protect their products because of how well our coatings work together and because we offer the convenience and accountability of dealing with a single vendor," said Thomas McAfee, PPG global segment manager, transportation.

> "Customers also appreciate our ability to provide technical support and expertise anywhere they operate due to our global network of sales and technical support centers, research and development labs and manufacturing plants."

Intermodal Expo is a freight industry trade show that was hosted in 2018 in Long Beach, California.

37. PPG's PCT39149 ENVIROCRON® Powder Coat Product Data Sheet, attached hereto as Exhibit C, states that "PCT39149 is a specifically designed primer for Dust on Dust primer/topcoat application only," that "[t]his primer should not be gelled or cured prior to topcoat application," and that the product is "approved to material specification Caterpillar 1E2732A for Dust on Dust application only." PPG's data sheet also provides a "Recommended Bake" to customers of "12 Minutes at 375 °F Metal Temperature."

38. PPG actively publicizes such promotional and instructional materials for coating compositions, including the ENVIROCRON® Products, through numerous means, including through the website www.ppgindustrialcoatings.com. On information and belief, PPG operates and/or controls the content of this website.

39. On information and belief, PPG provides its customers, including manufacturers of metal substrates and OEMs in the United States, with additional instructions that direct the customers to use coating compositions, including the ENVIROCRON® Products, in a manner that directly infringes the '107 patent, including by applying the ENVIROCRON® Products to metal substrates and heating the metal substrate with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%, as claimed in the '107 patent. Such instructions include, for example, application data sheets and/or product data sheets.

40. PPG also provides its customers, including manufacturers of metal substrates in the United States, with assistance and direction from sales and/or service personnel who direct the

customers to use coating compositions, including the ENVIROCRON® Products, in a manner that directly infringes the '107 patent, including by applying the ENVIROCRON® Products to metal substrates and heating the metal substrates with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%, as claimed in the '107 patent. For example, in the ENVIROCRON® and ENVIRACRYL® Powder Coatings by PPG Product Brochure, attached as Exhibit D and available, as of the filing of this Complaint, at http://www.ppgtruefinish.com/getmedia/35305ad0-8ed7-4add-b301-eb704831d6ad/Envirocron-Powder-Brochure.pdf.aspx, PPG advertises "[c]omplete powder coating solutions with local technical support"; "PPG can provide you with classroom or field-based technical training that includes setting your equipment, training your operators and fine-tuning your processes"; "PPG will help you design your system so it meets your production and performance needs while creating quality control standards that ensure you deliver consistent coatings performance"; "[o]ur labs can dial in the quality specifications you need by testing salt spray performance, impact resistance, adhesion, cycle testing and many other procedures"; and, under the heading "Ongoing system supervision," "PPG specialists will help you to properly and effectively maintain and manage your system, performing routine oven profiles and line audits to make sure your parts are curing appropriately."

**PPG Contributes to Infringement of the '107 Patent in Violation of 35 U.S.C. § 271(c)**

41. Plaintiff realleges and incorporates paragraphs 1–40 as though fully set forth herein.

42. PPG has contributed and contributes to others' infringement of at least claim 1 of the '107 patent, in violation of 35 U.S.C. § 271(c).

43. PPG has had knowledge of the '107 patent and its own and its customers' and OEMs' infringement thereof at least as early as June 7, 2019 by virtue of Plaintiff's filing of this Complaint.

44. Having knowledge of the '107 patent and knowledge of its customers' infringement, PPG is contributing to the infringement of the '107 patent by selling and/or offering for sale products used by others in the United States to perform methods covered by one or more claims of the '107 patent. Such products include single-cure powder coating compositions, including the ENVIROCRON® Products. Such methods use and involve, for example, application of coating compositions, including PPG's ENVIROCRON® Products, to metal substrates and heating those metal substrates with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

45. PPG's customers, including manufacturers of metal substrates and OEMs in the United States, are directly infringing the '107 patent, including at least claim 1, under 35 U.S.C. § 271(a) through their use and performance of methods covered by one or more claims of the '107 patent, including methods using and involving application of the ENVIROCRON® Products to metal substrates and heating those metal substrates with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

46. Claim 1 of the '107 patent recites:

A method, comprising:

providing a metal substrate;

applying a primer coating comprising a first powder coating composition including a carboxyl-functional polyester binding resin, wherein the first powder coating composition has flow of no more than about 40 mm;

applying a topcoat comprising a second powder coating composition with flow of at least about 40 mm; and

heating the metal substrate with the primer coating and topcoat applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%.

47. PPG's ENVIROCRON® PCT39149 coating is a powder primer coating composition that includes a carboxyl-functional polyester binding resin, and the PCT39149 coating has a flow of no more than about 40 mm.

48. PPG's PCTZ39104 coating is a powder topcoat having a flow of at least about 40 mm, and is designed to be applied as a topcoat over the PCT39149 powder primer.

49. PPG's customers, including manufacturers of metal substrates and OEMs in the United States, are applying the ENVIROCRON® Products primer and topcoat coating compositions to a metal substrate and heating the metal substrate with the primer coating and topcoat applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%, and are thereby directly infringing at least claim 1 of the '107 patent under 35 U.S.C. § 271(a).

50. PPG knowingly contributes to infringement of the '107 patent, including at least claim 1.

51. The coating compositions PPG sells and/or offers for sale are material to practicing the '107 patent, are especially made and/or adapted for use in infringing the '107 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.  For example, PPG's ENVIROCRON® Products are not advertised by PPG for any use other than as a two-coat, single cure coating for metal substrates, and there is no such other use.

52. Further, for example, materials PPG publishes demonstrate that its coating compositions, including the ENVIROCRON® Products, are specifically made and/or adapted for

11

application to metal substrates in a manner that infringes the '107 patent. Such materials include, for example, PPG's PCT39149 ENVIROCRON® Powder Coat Product Data Sheet, attached hereto as Exhibit C, which states that "PCT39149 is a specifically designed primer for Dust on Dust primer/topcoat application only," that "[t]his primer should not be gelled or cured prior to topcoat application," and that the product is "approved to material specification Caterpillar 1E2732A for Dust on Dust application only." PPG's data sheet also provides a "Recommended Bake" to customers of "12 Minutes at 375 °F Metal Temperature."

53. PPG publicizes promotional and instructional materials for coating compositions, including the ENVIROCRON® Products, through numerous means, including through the website www.ppgindustrialcoatings.com. On information and belief, PPG operates and/or controls the content of this website.

54. On information and belief, PPG provides its customers, including manufacturers of metal substrates and OEMs, with additional instructions that direct the customers to use coating compositions, including the ENVIROCRON® Products, in a manner that directly infringes the '107 patent, including by applying the ENVIROCRON® Products to metal substrates and heating the metal substrates with the ENVIROCRON® Products applied thereon in a single step, without multiple heating cycles, to form a continuous corrosion-resistant coating with 20-degree gloss of at least 50%, as claimed in the '107 patent. Such instructions include, for example, application data sheets and/or product data sheets.

55. At least as of the filing of this Complaint on June 7, 2019, PPG has had knowledge, and/or is willfully blind to the fact, that its coating compositions, including the ENVIROCRON® Products, are material to practicing the '107 patent, are specifically made and/or adapted for

infringement of the '107 patent, and are not staple articles of commerce suitable for substantial noninfringing use.

56. At least as of the filing of this Complaint on June 7, 2019, PPG has had knowledge, and/or is willfully blind to the fact, that its selling and offering to sell coating compositions, including the ENVIROCRON® Products, contributes to PPG's customers and others performing methods covered by one or more claims of the '107 patent.

* * *

57. Unless and until enjoined by this Court, PPG will continue to directly infringe as well as induce and contribute to infringement of the '107 patent. PPG's infringing acts are causing and will continue to cause Plaintiff irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiff is entitled to a permanent injunction against further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and prays that the Court grant the following relief to Plaintiff:

(a) A judgment that PPG infringes the Asserted Patent;

(b) An order permanently enjoining PPG, its affiliates and subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, offering to sell, selling, using, or importing into the United States products made by a process that infringes any of the claims of the Asserted Patent; using or performing methods claimed in any of the claims of the Asserted Patent; inducing others to use and perform methods that infringe any claim of the Asserted Patent; inducing others to make, offer, sell, use or import into the United States articles made by a process that infringes any claim of the Asserted Patent; contributing to others using and performing methods that infringe any claim of the Asserted Patent; and contributing to others making, offering, selling, using or importing into the United States

articles made by a process that infringes any claim of the Asserted Patent, until after the expiration of the Asserted Patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled;

(c) An order awarding damages under 35 U.S.C. § 284 in an amount sufficient to compensate Plaintiff for its damages arising from infringement by PPG, including, but not limited to, lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest, and costs;

(d) An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

(e) A judgment declaring that this case is exceptional and awarding Plaintiff its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285;

(f) Such further and other relief as this Court deems proper and just.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  June 7, 2019 /s/ Gerald J. Schirato, Jr.
Gerald J. Schirato, Jr. (Pa. No. 200459)
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
Telephone: (412) 497-1028
Facsimile: (412) 202-8749
gjschirato@duanemorris.com

Garret A. Leach, P.C. (*pro hac vice* to be filed)
Elizabeth A. Cutri (*pro hac vice* to be filed)
Adam M. Kaufmann (*pro hac vice* to be filed)
Megan M. New (*pro hac vice* to be filed)
Brian A. Verbus (*pro hac vice* to be filed)
Kirkland & Ellis LLP
300 N. La Salle
Chicago, IL 60654
(312) 862-2000
garret.leach@kirkland.com
elizabeth.cutri@kirkland.com
adam.kaufmann@kirkland.com
megan.new@kirkland.com
brian.verbus@kirkland.com

*Counsel for The Sherwin-Williams Company*